Scoeield, J.,
delivered the opinion of the court:
In June, 1875, the defendants, being about to erect a public building at Lincoln, Nebr., contracted with claimants to deliver, during the progress of the work, upon requisition of the superintendent, 600,000 hard-burned red brick. After approval and acceptance by the superintendent, the brick were to be paid for at the rate of $10 per thousand. During the building season of that year, as appears by the third finding of fact, claimants delivered 12,500 brick. These brick, having been first approved and accepted by the superintendent, were used and paid for by the defendants. In the following summer, when work was about to be resumed, a government inspector was sent out to examine the building. Learning from this inspector’s report that a portion of the brick already delivered was of an inferior quality, as stated in the third finding of fact, the acting supervising architect of the Treasury, in the name of the Sec *23 retary, forthwith. “ canceled’? tlie contract. In the opinion of the court, the facts disclosed called for the removal of the superintendent rather than the “ cancellation ” of the contract. Without fraud, misrepresentation, or concealment on the part of the claimants, the brick were approved and accepted by the superintendent. Misled by personal interest, the contractors might have unintentionally overestimated the quality of their goods. But the superintendent was subject to no such infirmity. By the terms of the contract he was made the responsible judge. His approval and acceptance was a condition precedent to payment. And having used and paid for the brick after approval and acceptance by the superintendent, defendants .should have treated the transaction as part fulfillment. Nor did the fact that the claimants concurred in the superintendent’s decision justify the conclusion that a future requisition for brick of the contract quality by a more faithful superintendent would not have been honored.
The contract having been rescinded without good cause, the claimants are entitled to ther damages. At that time they had on hand ready for delivery 100,000 brick of the contract quality. It is true, as said by defendants’ attorney, that this 100,000 -was not tendered ; but a tender was not required after notice that it would be rejected. Besides, by the terms of the contract, delivery was to be made upon the requisition of the superintendent. .These brick were afterwards sold at the then market price for $8 per thousand. For this loss, reckoned at $2 per thousand, claimants are entitled to recover $200. In addition to these brick, claimants had a right under the contract to deliver 187,500 more, for which they demand prospective profits. It appears by the fifth finding of facts that their profits oñ this amount, after making reasonable deduction for the diminished time, care, and risk required for a complete fulfillment of the contract, should be íeckoned at the rate of $1 per thousand, making $487.50. In the opinion of the court, this amount of additional damages should be allowed. It is required by the rule laid down by thiscourt in Floyd & Speed’s Cases (2 C. Cls. R., 429; affirmed by the Supreme Court in 8 Wallace, 77). Justice Miller, in delivering the opinion of the court affirming the court below, says :
u We do not believe that any safer rule, or one nearer to that supported by the general current of authorities, can be found *24 to wit, the difference between the cost of doing the work and what the claimant was to receive for it, making.reasonable deduction for the less time engaged and for release from care, trouble, risk, and responsibility attending the full execution of the contract.”
Claimants also ask to be allowed $500 for the additional cost of making “full-faced” brick. This is refused. • The word “brick” as used in the contract imports “full-faced,” not concave brick. But if it were at all ambiguous, the parol evidence, -which for this purpose is admissible, removes all doubt. The fifth finding of facts sIioavs that claimants understood that the contract contemplated “ full-faced” brick. For the same reason the charge for making full-faced molds is disallowed.
The judgment of the court is that the claimants recover from the defendants the sum of $687.50.